JULIA YEARWOOD v. THOMAS RAY YEARWOOD

No. 7414DC769

(Filed 6 November 1974)

1. **Divorce and Alimony § 18— alimony pendente lite — party entitled to relief demanded**

   Trial court did not err in granting plaintiff alimony *pendente lite* and counsel fees since findings by the court that defendant assaulted plaintiff and that defendant's treatment of plaintiff constituted a constructive abandonment were sufficient to support a conclusion that plaintiff was entitled to the relief demanded.

2. **Divorce and Alimony § 16— alimony as house payment**

   The trial court did not exceed its authority in ordering that $110 per month alimony be paid by defendant to the holder of the mortgage on the home owned by the parties by the entirety and that the equity accruing from the date of the order from the house payments be that of plaintiff alone.

**3. Divorce and Alimony § 18— alimony pendente lite — transfer of vehicle title**

Trial court in an action for alimony *pendente lite* did not exceed its authority in ordering defendant to transfer title to a Volkswagen to plaintiff who would thereafter be responsible for making payments on the vehicle.

APPEAL by defendant from *Read, Judge,* 25 March 1974 Session of District Court held in DURHAM County.

In her complaint filed in this action, plaintiff asks for alimony without divorce, support for two minor children, possession of the home owned by the parties as tenants by the entirety, attorney fees, and such further relief as the court deems appropriate. Defendant filed answer and counterclaim in which he pleaded various defenses and asked for custody of the children, absolute divorce on ground of adultery, or a divorce from bed and board.

Following a hearing on plaintiff's motion for alimony *pendente lite,* child support, counsel fees and possession of the home, the court entered an order finding facts and providing the following:

(1) Awarding plaintiff possession of the home jointly owned by the parties.

(2) Ordering defendant to transfer title to a 1973 Volkswagen to plaintiff who thereafter would be responsible for "financing" said automobile.

(3) Ordering defendant to pay $110 per month alimony, the payments to be made by defendant directly to the holder of the mortgage on the home owned by the parties, with provision that " . . . the equity accruing from this date from the house payments will be that of the plaintiff alone. . . . "

(4) Ordering defendant to pay $50 per week child support.

(5) Ordering defendant to maintain the same health, medical and dental insurance on the two children that was in effect on the date of the hearing.

(6) Awarding plaintiff custody of the children, with reasonable visitation rights to defendant.

(7) Ordering defendant to pay $250 fees to plaintiff's attorney, the amount to be payable at the rate of $50 per month.

Defendant appealed.

*Rudolph L. Edwards for plaintiff appellee.*

*Clayton, Myrick, McCain & Oettinger, by Grover C. McCain, Jr., and Kenneth B. Oettinger, for defendant appellant.*

BRITT, Judge.

Defendant's first contention is that the court's findings of fact, that plaintiff is in need of support and subsistence during the prosecution of this action and that she is unable to defray the necessary costs of the prosecution, are not supported by the evidence. This contention is without merit. While the evidence as to plaintiff's income and expenses was minimal, considering the evidence, together with reasonable inferences arising thereon, in the light most favorable to the plaintiff, we hold that it was sufficient to support the findings.

[1] Defendant's second contention is that the court erred in granting alimony *pendente lite* and counsel fees when it made no factual finding that the plaintiff was entitled to the relief demanded. This contention has no merit. Based on sufficient evidence, the court found and concluded that on specific occasions defendant assaulted plaintiff and that defendant's treatment of plaintiff " . . . constituted a constructive abandonment as well as inflicting physical indignities on the plaintiff without legal cause or provocation on the part of the plaintiff." We hold that the court's findings and conclusions were sufficient.

[2] Defendant's third contention relates to the $110 monthly payments of alimony; he contends that the court exceeded its authority in imposing the provision that " . . . the equity accruing from this date from the house payments will be that of the plaintiff alone. . . . " We find no merit in this contention. Based on the evidence presented, the court was justified in ordering defendant to pay plaintiff $110 per month alimony. Had the court ordered the money paid directly to plaintiff, she would be able to spend it for her sole benefit—for clothing, food, etc. The provision of the order challenged here not only makes certain that plaintiff is provided with shelter but that she receives the full benefit of the alimony while she spends money which she earns for food, clothing, and other necessities.

[3] Defendant's final contention is that the court exceeded its authority in ordering defendant to transfer the title to the

Volkswagen to plaintiff. Defendant concedes that G.S. 50-16.7 (a) (Supp. 1973) authorizes the payment of alimony *pendente lite* " . . . by transfer of title or possession of personal property or any interest therein. . . . " ; however, he argues that this section should be read in conjunction with G.S. 50-16.3 (b) (Supp. 1973) which limits the payment of alimony *pendente lite* to the *pendency of the suit* in which the application is made. Assuming, *arguendo*, that defendant's argument might be valid in some cases, we do not think it has validity under the facts in this case. The evidence disclosed that there was a balance of $1,500 owing on the 1973 Volkswagen, payable $72 per month, and the order provided that plaintiff would make the payments. Based on those facts, we hold that the court did not exceed its authority.

For the reasons stated, the order appealed from is

Affirmed.

Judges CAMPBELL and VAUGHN concur.